IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK A. CARAMELLA,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

_____

Civ. No. 3:14-cv-00221-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Mark A. Caramella brings this action for judicial review of the Commissioner's decision denying his application for disability insurance benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    On February 1, 2011, Caramella filed an application for disability insurance benefits and supplemental security income benefits. Following a hearing, the administrative law judge (ALJ) determined Caramella is not disabled. TR 7.[1] Caramella argues that the ALJ erred by: (1) improperly rejecting the opinion of treating physician Dr. Michels; and (2) improperly rejecting lay witness testimony of Megan Dunning. For the reasons stated below, the Commissioner's decision is AFFIRMED.

---

[1] "TR" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC), age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant

numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

At step two, the ALJ found that Caramella suffers from severe impairments of lumbar spine degenerative disc disease, chronic obstructive pulmonary disease (COPD), depression, marijuana dependence and abuse, and cervical spine degenerative disc disease. TR 12.

In assessing Caramella's Caramella's RFC, the ALJ concluded Caramella could perform less than a full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). TR 15. Specifically, the ALJ determined Caramella is limited to simple, repetitive tasks, and is restricted to lifting, without assistance, only to shoulder height with the non-dominant upper extremity, only occasional gripping and grasping, and no use of the keyboard. *Id*. At step four, the ALJ determined Caramella is unable to perform any past relevant work. TR 22. At step five, the ALJ determined Caramella was capable of performing the jobs of room cleaner and bakery worker. TR 23. The ALJ therefore concluded Caramella was not disabled. *Id*.

## I.     Dr. Michels' Opinion

Caramella argues that the ALJ improperly rejected the opinion of his treating physician, Dr. Michels. The ALJ gave more weight to other medical opinions, opinions that differed from that of Dr. Michels. "Where there exists conflicting medical evidence, the ALJ is charged with determining credibility and resolving any conflicts." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012).

There is some debate as to whether Dr. Michels qualifies as a treating source.[2]

> Treating source means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with

---

[2] *See* Def.'s Br. at 10, ECF No. 14. "[A]lthough Mr. Caramella argues that Dr. Michels is a treating source and worked part of a treatment team … Dr. Michels' relationship with Mr. Caramella is not materially different from the examining medical sources' relationship with Mr. Caramella."

3 – OPINION AND ORDER

> medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you. Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s). We may consider an acceptable medical source who has treated or evaluated you only a few times or only after long intervals (e.g., twice a year) to be your treating source if the nature and frequency of the treatment or evaluation is typical for your condition(s).

20 C.F.R. § 404.1502.

Here, the record indicates that Dr. Michels saw Caramella once in what looks to be a very brief visit. TR 417. The stated purpose of appointment was, "Patient is applying for disability due to his chronic neck and back pain. He needs a work capability assessment packed filled out." TR 417. In that sense, Dr. Michels appears to be more of an examining physician than a true treating physician. That said, the Commissioner does not dispute that Dr. Michels reviewed medical records from a treatment team. Def.'s Br. at 10, ECF No. 14; *see also* TR 435 (letter from Dr. Michels stating Multnomah County Health Department utilizes team approach to providing health care). Therefore, I credit Dr. Michels as a treating source.

A treating source opinion generally carries the most weight in disability cases, but is not binding on the ALJ for purposes of a limitation or disability determination. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). A treating or examining doctor's opinion may be rejected only by providing specific and legitimate reasons that are supported by substantial evidence. *Id*. (see *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). The ALJ assigned only "some weight" to Dr. Michels' opinion because: it is brief, conclusory, and Dr. Michels failed to provide support for many of the limitations; it is largely based on Caramella's subjective complaints; and it is inconsistent with Caramella's daily living activities. TR 21.

These are specific and legitimate reasons, with ample support in the record, for discounting Dr. Michels's opinion.

In September 2012, Dr. Michels completed a Physical Capacity Statement. TR 403-06. This statement contains many check-the-box answers, and many of the limitations are not supported by clinical findings. The Commissioner cites *Tonapetyan*, "An ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." 242 F.3d at 1149. In *Tonapetyan*, the ALJ rejected the opinion of claimant's treating source because it was unsupported by rationale or treatment notes, and offered no objective medical findings to support the existence of alleged conditions. *Id*.

Dr. Michels treated Caramella once, on a September 19, 2012 appointment. TR 417. Dr. Michels noted, "[Caramella] has a history of an abnormal mri of his cervical spine done in June [sic] 2011 at OHSU.[3] He had a neck assessment at his last visit." *Id*. Caramella's MRI revealed that uncovertebral osteophytes and minimal disk bulges result in severe left foraminal stenosis at C4-C5 and C5-C6. TR 349. The "last visit" referred to by Dr. Michels, was conducted by Greg Allers, D.O. who noted Caramella's degenerative disc disease likely worsened over years of sleeping on the streets. TR 418. Dr. Allers referenced the May 2011 MRI showing severe left foraminal stenosis and treated Caramella's back pain with ibuprofen. TR 418. Dr. Michaels's own objective findings were unremarkable. *See* TR 417 (sensation within normal limits in lower extremities and straight leg raise revealed pain at 90 degrees).

"An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In *Tommasetti*, the ALJ found that claimant was not

---

[3] The MRI Dr. Michels refers to was actually conducted on May 5, 2009. TR 348-49.

credible. 533 F.3d at 1039. The ALJ found that the treating physician's opinion largely reflected claimant's reports of pain, with little independent analysis or diagnosis. *Id*. at 1041. Based on those two reasons, ALJ rejected the opinion of claimant's treating physician.

Here, the ALJ found Caramella not credible because of, amongst other reasons, his noncompliance with medical treatment, poor work history, nondisability-related reasons for stopping work, and polysubstance abuse. TR 22. Caramella does not challenge that adverse credibility determination.

Dr. Michels formed his opinion on a brief examination of Caramella and some treatment team records. TR 417. The treatment team records do not corroborate Caramella's subjective complaints. TR 417-29. The treatment team records indicate Caramella has back pain, and, during the relevant time periods, moderate foraminal stenosis of cervical region. *Id*. Additionally, no team physician other than Dr. Michels indicated that Caramella has any limitations as a result of his symptoms. Dr. Allers, looking at the same information relied on by Dr. Michels, recommended treating Caramella's back pain with ibuprofen. TR 418.

The ALJ reasonably concluded that Dr. Michels based his opinion largely on Caramella's self-reporting. This conclusion is supported by the record. For example, Dr. Michels opined Caramella's back and hip pain would result in the need for 2-3 20-25 minute breaks in an 8-hour workday. TR 404. Dr. Michels noted his opinion that Caramella's chronic pain contributed to stress, which exacerbated Caramella's condition. TR 405-06. As noted, the ALJ found Caramella's reports of pain less-than credible. The ALJ therefore provided a legitimate reason in discounting Dr. Michels's opinion.

The ALJ also noted that Dr. Michels's opinion is inconsistent with Caramella's activities of daily living. TR 21. Dr. Michels stated Caramella should avoid lifting, bending, squatting,

6 – OPINION AND ORDER

walking, and extended periods of sitting. TR 403. He also opined that Caramella can sit/stand/walk for two hours out of an eight hour day. *Id*. The ALJ's conclusion that these limitations were inconsistent with Caramella's activities of daily living is supported by the record.

Caramella takes care of his two cats. TR 239. He sets up and breaks down his camp site daily. *Id*. He spends around 30 minutes a day shopping for food. TR 241. He travels on foot or by bicycle. *Id*. He volunteered at "JOIN" from 10 a.m. to around 4 p.m. TR 271. More recently, he spends most of his days at St. Francis church volunteering from about 1:30 p.m. to 4:30 p.m. TR 40-41, 280. He collects cans to earn money. TR 400. The ALJ properly explained his finding that Caramella's activities of daily living are inconsistent with Dr. Michels's limitations.

The ALJ provided specific and legitimate reasons, supported by the record, in discounting the Dr. Michels's opinion.

## II.     Megan Dunning's Testimony

Caramella argues that the ALJ improperly rejected the lay witness testimony of Megan Dunning. An ALJ must take into account lay witness testimony as to a claimant's symptoms or how an impairment affects the claimant's ability to work. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). In order to discount lay witness testimony, an ALJ may do so by giving reasons germane for each witness. *Id*. A germane reason to discount lay witness testimony is "where the lay testimony is similar to other testimony that the ALJ validly discounted or where the testimony is contradicted by more reliable medical evidence that the ALJ credited." *Id*. At 1119.

Here, the ALJ did not err by discounting Ms. Dunning's testimony. The ALJ assigned "some weight" to Ms. Dunning's testimony. TR 22. Her testimony limited Caramella to sitting

only for an hour or so, needing to stand and stretch when sitting for longer periods of time, not lifting anything over ten pounds, and not walking more than one half mile. TR 229-30.

The ALJ discounted Ms. Dunning's testimony because it is similar to Caramella's testimony that was validly discounted. Caramella stated that his conditions affect his ability to lift, squat, bend, stand, reach, walk, sit, and kneel. TR 243. These limitations are similar to the ones asserted by Ms. Dunning. Thus, the ALJ did not err by discounting Ms. Dunning's testimony.

Also, the ALJ discounted Ms. Dunning's testimony because it is contradicted by reliable medical evidence. Dr. Robinson and Dr. Ogisu found that Caramella could sit longer than one hour. TR 274, 287. Both physicians found that Caramella could lift and carry more than ten pounds. *Id*. Neither physician required a sit-stand option. The reliable medical evidence contradicts Ms. Dunning's testimony of Caramella's limitation. Thus, the ALJ did not err by discounting Ms. Dunning's testimony.

## CONCLUSION

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 30th day of June, 2015.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

8 – OPINION AND ORDER